# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| CHARLES R. THOMAS, | : | CIVIL ACTION NO. |
| GDC ID # 122523, Case # 632258, | : | 2:11-CV-00196-RWS-SSC |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| CEDRIC TAYLOR, Warden, | : | PRISONER HABEAS CORPUS |
| Respondent. | : | 28 U.S.C. § 2254 |

## MAGISTRATE JUDGE'S ORDER AND
## FINAL REPORT AND RECOMMENDATION

Petitioner Charles R. Thomas, a Georgia prisoner, challenges via 28 U.S.C. § 2254 the constitutionality of his May 2007 judgment of conviction in Jackson County, Georgia. Petitioner has not submitted the five dollar filing fee, and, for the purpose of dismissal only, leave to proceed *in forma pauperis* is **GRANTED**.

Rule 4 of the Rules Governing Section 2254 Cases allows for summary dismissal of a habeas petition that plainly reveals that relief is not warranted. See McFarland v. Scott, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when petition "appears legally insufficient on its face"); see also Day v. McDonough, 547 U.S. 198, 209-10 (2006) ("hold[ing] that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition," but noting that, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions").[1] For the

---

[1] This Report and Recommendation constitutes fair notice to Petitioner that the undersigned finds his petition untimely. As indicated in the Service Order

reasons set forth below, it is **RECOMMENDED** that Petitioner's habeas corpus petition be dismissed as time-barred.

Petitioner asserts that he was convicted of malice murder and several lesser crimes in May 2007, and his convictions were affirmed on appeal on October 27, 2008. (Doc. 1 at 1-2); see Thomas v. State, 668 S.E.2d 711, 713 (Ga. 2008). Petitioner indicates that he sought no further relief from his judgment of conviction until he filed his federal habeas petition on July 25, 2011. (Pet. at 2-3, 7).[2] In his four grounds for relief, Petitioner challenges the venue and subject matter jurisdiction of the trial court and also claims that his indictment was void on its face *ab initio*. (Id. at 5-6). Between October 2008 and July 2011, however, the limitations period for Petitioner's federal habeas petition expired.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) requires that an application for federal habeas review of a state court judgment of

---

attached to this Report, Petitioner will have an opportunity to object to this finding, and the District Court will review any such objection *de novo*. See Fed. R. Civ. P. 72(b).

[2] Petitioner executed his petition on July 25, 2011. (Doc. 1 at 7). Under the "mailbox rule," his petition is deemed to have been filed on that date. See Alexander v. Sec'y Dep't of Corr., 523 F.3d. 1291, 1294 n.4 (11th Cir. 2008), abrogated on other grounds by Wall v. Kholi, 131 S. Ct. 1278 (2011); Fuller v. Terry, 381 F. App'x 907, 908 (11th Cir. 2010) ("Under the mailbox rule for prisoners, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. See Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999). Absent contrary evidence, we will assume that a prisoner's filing 'was delivered to prison authorities the day he signed it.' Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).").

2

conviction be filed within one year of the latest of four possible dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[3] 28 U.S.C. § 2244(d)(1)(A). It appears that after the Georgia Supreme Court affirmed his convictions on October 27, 2008, Petitioner did not seek certiorari review in the United States Supreme Court. Therefore, his judgment of conviction became final at the close of the ninety-day window for seeking such review, i.e., on January 26, 2009. See Sup. Ct. R. 13.1, 30.1 (respectively allowing ninety days to file a petition in the United States Supreme Court for certiorari review of a "judgment . . . entered by a state court of last resort" and setting out the rules for computation of time); Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002).

Petitioner filed his federal petition two and one-half years later, on July 25, 2011, well after the one-year federal limitations period expired, absent statutory or equitable tolling. Statutory tolling applies when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). As noted above, Petitioner acknowledges in his federal petition that he did not file an application for state

---

[3] The limitations period might also be triggered by the removal of a State impediment preventing the petitioner from filing his petition, by the Supreme Court's recognition of a new constitutional right, or by the petitioner's discovery of the facts supporting one or more of his claims. 28 U.S.C. § 2241(d)(1)(B)-(D). However, there is no suggestion in the record that any of these triggers applies here.

post-conviction or other collateral review of his 2007 judgment of conviction, so statutory tolling does not apply here. Equitable tolling may "prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001), cert. denied, 535 U.S. 1080 (2002). However, Petitioner has not suggested any basis for equitable tolling here, and the undersigned discerns none. Finally, even if the limitations period has expired, a petitioner's "actual innocence" might lift the time bar to consideration of his claims on the merits. See United States v. Montano, 398 F.3d 1276, 1284 (11th Cir. 2005). However, to establish "that constitutional error has caused the conviction of an innocent person," a petitioner must present "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Petitioner has not offered any such evidence here. See Milton v. Sec'y, Dep't of Corr., 347 F. App'x 528, 531 (11th Cir. 2009) (citing Bousley v. United States, 523 U.S. 614, 623 (1998), for proposition that "'actual innocence' means factual innocence, not mere legal insufficiency"), cert. denied, 131 S. Ct. 923 (2011). Accordingly, Petitioner's federal habeas petition is time-barred.

## Certificate of Appealability

4

A state prisoner must obtain a certificate of appealability (COA) before appealing the denial of his federal habeas petition. 28 U.S.C. § 2253(c)(1)(A). A COA may issue only when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation omitted).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack, 529 U.S. at 484). It does not appear that jurists of reason could debate whether Petitioner's federal habeas petition—which he executed on July 25, 2011, eighteen months after the limitations period expired on January 26, 2010—deserves merits review based on extraordinary circumstances that justify equitable tolling or based on Petitioner's actual, factual innocence of malice murder.

5

## Conclusion

For the foregoing reasons, it is **RECOMMENDED** that the Court **DISMISS** Petitioner's habeas corpus petition [Doc. 1] and **DENY** him a certificate of appealability.

The Clerk **SHALL** terminate the referral to the Magistrate Judge.

**IT IS SO ORDERED AND RECOMMENDED** this 28th day of November, 2011.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge

AO 72A
(Rev.8/82)