**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| CHARLES R. THOMAS, | : | CIVIL ACTION NO. |
| GDC ID # 122523, Case # 632258, | : | 2:11-CV-00196-RWS |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| CEDRIC TAYLOR, Warden, | : | PRISONER HABEAS CORPUS |
| Respondent. | : | 28 U.S.C. § 2254 |

**ORDER**

Now before the Court are the Magistrate Judge's Final Report and Recommendation [Doc. 5] and Petitioner's objections thereto [Doc. 8].[1]  In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the Report to which Petitioner objects, and has reviewed the remainder of the Report for plain error.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

On July 25, 2011, Petitioner, a Georgia prisoner, executed and submitted to this Court a habeas corpus petition, 28 U.S.C. § 2254, challenging his May 2007

---

[1] On December 23, 2011, the Court adopted the Magistrate Judge's Report and Recommendation because Petitioner had filed no objections. [Docs. 6, 7]. However, although Petitioner's objections were docketed in this Court on that same day, December 23, it appears that he signed and submitted them for mailing on December 6, within the fourteen-day time limit set forth in the Magistrate Judge's November 28 service order. [See Doc. 8 at 6; Doc. 5-1].  The Court therefore **RE-OPENS** this matter to consider Petitioner's objections.

AO 72A
(Rev.8/82)

convictions in the Superior Court of Jackson County, which convictions the Georgia Supreme Court affirmed on appeal on October 27, 2008.  [Doc. 1].  Inasmuch as Petitioner failed to indicate in his federal habeas petition that he had pursued any further relief in state court, the Magistrate Judge recommended that the petition be dismissed as time-barred under 28 U.S.C. § 2244(d)(1), which provides a one-year statute of limitations for federal habeas petitions, and Rule 4 of the Rules Governing Section 2254 Cases.  [Doc. 5].

In his objections, Petitioner states that he filed a state habeas petition on October 23, 2009, which was denied on May 13, 2010.  Thereafter, on January 14, 2011, the Georgia Supreme Court denied his application for a certificate of probable cause for further review of that petition.  [Doc. 8 at 2, 4].  Petitioner apologizes for failing to mention his state habeas petition previously, due to his lack of legal knowledge, and contends that his federal habeas petition is timely because he filed it within one year of January 14, 2011.  [Id. at 2-3].  As the ensuing discussion demonstrates, Petitioner's contention is incorrect.

Petitioner's convictions became "final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), and the one-year limitations period began to run at the end of the ninety-day period during

2

which Petitioner could have sought certiorari review in the United States Supreme Court after the Georgia Supreme Court affirmed his convictions on October 27, 2008. See Sup. Ct. R. 13.1 (allowing ninety days to file certiorari petition in United States Supreme Court seeking review of "a judgment . . . entered by a state court of last resort"); Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002).  Therefore, Petitioner's convictions became final on direct review on January 25, 2009.

Thereafter, 270 days ran untolled on the one-year federal limitations period until Petitioner filed his state habeas petition on October 23, 2009, leaving 95 days to run before the limitations period expired.  The limitations period was then tolled during the pendency of Petitioner's state habeas petition until January 14, 2011, when the Georgia Supreme Court denied his application for a certificate of probable cause. See 28 U.S.C. § 2244(d)(2).  For Petitioner's federal habeas petition to be timely, he needed to file it within 95 days thereafter, i.e., on or before April 19, 2011.  However, Petitioner filed his federal habeas petition on July 25, 2011, more than three months after the one-year federal limitations period deadline.  Therefore, even in light of the new information provided by way of Petitioner's objections, his federal habeas petition is still untimely.

3

Accordingly, the Court **OVERRULES** Petitioner's objections [Doc. 8].  This

matter is now **CLOSED**.

**IT IS SO ORDERED** this __20th__ day of January, 2012.


_____

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

4